11/22/2019 11:47 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38730847
By: Tahj Wimbley
Filed: 11/22/2019 11:47 AM

CAUSE NO. _____

| | | |
|---|---|---|
| JOHN CATHEY AND MARILYN CATHEY, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ASI LLOYDS AND LESLEY NEWSOM, | § | |
| | § | |
| | § | |
| *Defendants.* | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, John Cathey and Marilyn Cathey, ("Plaintiffs"), and files **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of ASI Lloyds ("ASI Lloyd's") and Lesley Newsom ("Newsom") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.  Plaintiffs John Cathey and Marilyn Cathey, resides in Harris County, Texas.

3.  Defendant, ASI Lloyds, is an insurance company engaged in the business of insurance in the State of Texas.  Plaintiffs requests service of citation upon ASI Lloyds through its registered agent for service:  **Corporate Creations Network, Inc., 5444 Westheimer Rd, Suite 1000, Houston, TX, 77056**.  Plaintiffs requests service at this time.

4.     Defendant Lesley Newsom is an individual resident of Spring, Texas.  Newsom may be served with citation at the address listed with the Texas Department of Insurance: **17806 Echobend Ln., Spring, Texas, 77379-4065**.  Plaintiffs requests service at this time.

## JURISDICTION

5.     The Court has jurisdiction over ASI Lloyd's because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of ASI Lloyd's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6.     The Court has jurisdiction over Newsom because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7.     Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.     Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.     Plaintiffs own an ASI Lloyds homeowner's insurance policy, number TXL603655 ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at 24906 Arbroath Ct. Spring, Texas 77389 ("the Property").

10.     ASI Lloyd's or its agent sold the Policy, insuring the Property, to Plaintiffs.  ASI Lloyd's

or its agent represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' home.  ASI Lloyd's has refused the full extent of that coverage currently owed to Plaintiffs.

11.     On or about May 2, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Spring, Texas area.

12.     In the aftermath the wind and hailstorm, Plaintiffs submitted a claim to ASI Lloyd's against the Policy for damage to the Property.  ASI Lloyd's assigned claim number 656076-194402 to Plaintiffs' claim.

13.     Plaintiffs asked ASI Lloyd's to cover the cost of damage to the Property pursuant to the Policy.

14.     Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system.

15.     ASI Lloyd's assigned or hired Lesley Newsom to adjust the claim.

     a.  Newsom had a vested interest in undervaluing the claims assigned to him by ASI Lloyd's in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of fraud on the part of Newsom. The valuation of damages that were included in Newsom's report compared to Plaintiffs' Third-Party Adjuster's is also evidence of fraud on the part of Newsom.

     b.  Furthermore, Newsom was aware of Plaintiffs' deductible before visiting the Property to conduct the inspection. Newsom had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

Unofficial Copy Office of Marilyn Burgess District Clerk

c.  Newsom made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.

d.  Newsom made further misrepresentations to Plaintiffs during his inspection. Newsom used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

16.  ASI Lloyd's, through its agents, namely Newsom, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17.  The initial adjustment of the claim occurred on May 31, 2019. Newsom found that there was no damage from a covered peril to the roof of the property.

18.  After application of the policy deductible, Plaintiffs was left without adequate recovery to complete proper repairs on Plaintiffs' home

19.  To date, Plaintiffs has received $0.00 for damage to Plaintiffs' Property. The damage to Plaintiffs' Property is currently estimated at $95,12.50.

20.  Since due demand was made on August 20, 2019, ASI Lloyd's has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

21.  As stated above, Defendants failed to assess the claim thoroughly.  Based upon Defendants'

grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, ASI Lloyds failed to provide full coverage due under the Policy.

22. As a result of ASI Lloyds failure to provide full coverage, along with ASI Lloyds delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs has suffered damages.

23. ASI Lloyd's failed to perform its contractual duties to Plaintiffs under the terms of the Policy.  Specifically, ASI Lloyd's refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

24. Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between ASI Lloyds and Plaintiffs.

25. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).  Defendants have not attempted to settle Plaintiffs' claim in a fair manner, even though Defendants were aware of their liability to Plaintiffs under the Policy.  Specifically, Defendants have failed to timely pay Plaintiffs' coverage due under the Policy.

26. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).  Defendants failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

27. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Defendants refused to provide full coverage due to Plaintiffs under the terms of the Policy.  Specifically, ASI Lloyd's, through its

6

agents, servants, and representatives, namely Newsom, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

28.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Defendants failed to reasonably accept or deny Plaintiffs' full claim within the statutorily mandated time after receiving all necessary information.

29.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendants have delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs has not received full payment for the claim.

30.   Defendants' wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ASI LLOYDS

## BREACH OF CONTRACT

31.   All allegations above are incorporated herein.

32.   ASI Lloyds is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between ASI Lloyds and Plaintiffs.

33. ASI Lloyds failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34. All allegations above are incorporated herein.

35. ASI Lloyds conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

36. ASI Lloyds unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

37. ASI Lloyds unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

38. ASI Lloyds unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

39. ASI Lloyds unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

8

40.     ASI Lloyds unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

41.     All allegations above are incorporated herein.

42.     ASI Lloyds conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

43.     ASI Lloyds failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

44.     ASI Lloyds delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45.     All allegations above are incorporated herein.

46.     ASI Lloyds conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

47.     ASI Lloyds failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, ASI Lloyd's knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48.   All allegations above are incorporated herein.

49.   ASI Lloyds conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs is a consumer of goods and services provided by ASI Lloyd's pursuant to the DTPA.  Plaintiffs has met all conditions precedent to bringing this cause of action against ASI Lloyd's.  Specifically, ASI Lloyds violations of the DTPA include, without limitation, the following matters:

   a.   By its acts, omissions, failures, and conduct, ASI Lloyd's has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  ASI Lloyd's's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

   b.   ASI Lloyds represented to Plaintiffs that the Policy and ASI Lloyds adjusting, and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

   c.   ASI Lloyds also represented to Plaintiffs that the Policy and ASI Lloyds adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

   d.   Furthermore, ASI Lloyds advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

e.  ASI Lloyds breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

f.  ASI Lloyds actions are unconscionable in that ASI Lloyd's took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. ASI Lloyds unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

g.  ASI Lloyds conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.  Each of the above-described acts, omissions, and failures of ASI Lloyd's is a producing cause of Plaintiffs' damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**FRAUD**

51.  All allegations above are incorporated herein.

52.  ASI Lloyd's is liable to Plaintiffs for common-law fraud.

53.  Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and ASI Lloyd's knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

54.     ASI Lloyds made the statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT LESLEY NEWSOM

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55.     All allegations above are incorporated herein.

56.     Newsom's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

57.     Newsom is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of ASI Lloyd's, because Newsom is a "person," as defined by TEX. INS. CODE §541.002(2).

58.     Newsom knowingly underestimated the amount of damage to the Property. As such, Newsom failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

59.     Furthermore, Newsom did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

60.     Newsom's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

61.     Newsom's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was

reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

62. All allegations above are incorporated herein.

63. Newsom's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs is a consumer of goods and services provided by Newsom pursuant to the DTPA.  Plaintiffs has met all conditions precedent to bringing this cause of action against Newsom.  Specifically, Newsom's violations of the DTPA include the following matters:

    a. By this Defendant's acts, omissions, failures, and conduct, Newsom has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Newsom's violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

    b. Newsom represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

    c. Newsom represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

    d. Newsom's actions are unconscionable in that Newsom took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  Newsom's

unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

e.  Newsom's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64.  Each of Newsom's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Newsom, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

**FRAUD**

65.  All allegations above are incorporated herein.

66.  ASI Lloyd's assigned or hired Newsom to adjust the claim.

a.  Newsom had a vested interest in undervaluing the claims assigned to him by ASI Lloyd's in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of fraud on the part of Newsom. The valuation of damages that were included in Newsom's report compared to Plaintiffs' Third-Party Adjuster's is also evidence of fraud on the part of Newsom.

b.  Furthermore, Newsom was aware of Plaintiffs' deductible before even visiting the Property to conduct the inspection. Newsom had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c.  Newsom made misrepresentations as to the amount of damage Plaintiffs' Property

14

sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' property.

d.  Newsom made further misrepresentations to Plaintiffs during his inspection. Newsom used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

## NEGLIGENCE

67.  All allegations above are incorporated herein.

68.  Newsom was negligent in his actions with regard to his adjusting of Plaintiffs' claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

a.  Failure to conduct a reasonable inspection;

b.  Failure to include covered damage that would be discovered as a result of reasonable inspection;

c.  Failure to identify the proper cause and scope of the damage to Plaintiffs' Property;

d.  Failure to identify the cost of proper repairs to Plaintiffs' Property; and

e.  Failure to communicate to Plaintiffs the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiffs' Property.

69.  Newsom's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiffs.

70.  At all relevant times, Newsom was an agent or employee of Defendant ASI Lloyd's.

71.     Newsom's unreasonable inspection was performed within the course and scope of his duties with Defendant ASI Lloyd's. Therefore, ASI Lloyd's is also liable for the negligence of Newsom through the doctrine of respondeat superior.

**GROSS NEGLIGENCE**

72.     All allegations above are incorporated herein.

73.     Newsom's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a.  Newsom's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiffs; and

    b.  Newsom had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

74.     Newsom intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of ASI Lloyd's. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiffs would suffer if the actual damages to the Property were allowed to persist unrepaired.

**KNOWLEDGE**

75.     Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

**WAIVER AND ESTOPPEL**

76.  Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

**DAMAGES**

77.  Since the claim was made, ASI Lloyd's has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

78.  Defendants made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendants made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations.  Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiffs suffered damages as a result.

79.  Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

80.  For breach of contract, Plaintiffs is entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

81. The damage to Plaintiffs' Property is currently estimated at $9,512.50.

82. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times Plaintiffs' actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs is entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

84. For breach of the common-law duty of good faith and fair dealing, Plaintiffs is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money ASI Lloyd's owed, and exemplary damages.

85. Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

86.     For fraud, Plaintiffs is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87.     For the prosecution and collection of this claim, Plaintiffs has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs is entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  This statement from Plaintiffs' counsel is made only for the purpose of compliance with Tex. R. Civ. P. 47, and the amount in controversy does not exceed $75,000 at this time. Plaintiffs also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

89.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

90.  Plaintiffs hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiffs hereby tenders the appropriate jury fee.

## PRAYER

Plaintiffs prays that Defendants, ASI Lloyds and Lesley Newsom, be cited and served to appear, and that upon trial hereof, Plaintiffs,  John Cathey and Marilyn Cathey, has and recovers from Defendants, ASI Lloyds and Lesley Newsom, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, John Cathey and Marilyn Cathey, may show Plaintiffs is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com

cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

11/22/2019 11:47:15 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 38730847
By: WIMBLEY, TAHJ M
Filed: 11/22/2019 11:47:15 AM

# Marilyn Burgess –Harris County District Clerk

### Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

Name(s) of Documents to be served: **Plaintiff's Original Petition, Jury Demand and Request for Disclosure**

FILE DATE: **November 22, 2019**

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):
Issue Service to:        **ASI Lloyds**
Address of Service:    **Corporate Creations Network, Inc. 5444 Westheimer Rd., Suite 1000**
City, State & Zip:      **Houston, Texas 77056**

Issue Service to:        **Lesley Newsom**
Address of Service:    **17806 Echobend Ln**
City, State & Zip:      **Spring, Texas 77379-4065**

Agent (if applicable)_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | | |
|---|---|---|
| ☒ **Citation**   ☐ **Citation by Posting**   ☐ **Citation by Publication** | | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias**                    **Newspaper**_____ | | |
| ☐ **Temporary Restraining Order**       ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ( $12.00)**   ☐ **Capias (not an E-Issuance)** | | ☐ **Attachment** |
| ☐ **Certiorari**                                   ☐ **Highway Commission ( $12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)**   ☐ **Hague Convention ($16.00)** | | ☐ **Garnishment** |
| ☐ **Habeas Corpus**                           ☐ **Injunction** | | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)**_____ | | |

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____   ☐ **CONSTABLE**
☐ **MAIL to attorney** at:_____

☐ **CERTIFIED MAIL by District Clerk**   ☐ **E-Issuance by District Clerk** (No Service Copy Fees Charged)
(Note:) **CAPIAS is not an E-Issuance Option**
☒ **CIVIL PROCESS SERVER - Authorized Person to Pick-up: LDM Process Service**
Phone: (469) 291-5005

☒ **OTHER**, dbullock@cwilsonlaw.com

Issuance of Service Requested By: Attorney/Party Name: **Chad T. Wilson Law Firm, PLLC**

Bar # or ID: **24079587**

Mailing Address: **455 East Medical Center, Suite 555, Webster, Texas 77598**

Phone Number: **832-415-1432**

Unofficial Copy Office of Marilyn Burgess District Clerk



# MARILYN BURGESS

### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

## CAUSE NUMBER  2019-84244

ATY          CIV       X          COURT  234

---

### REQUESTING ATTORNEY/FIRM NOTIFICATION

**\*ATTORNEY: WILSON, CHAD**                    **PH: 832.415.1432**

**\*CIVIL PROCESS SERVER: LDM PROCESS SERVICE**
 **BOX FOR PICK UP:** 85

**\*PH: 469.291.5005**

**\*PERSON NOTIFIED SVC READY:**

**\* NOTIFIED BY:** 11/26/19  T.Wimbley Darsy

---

Type of Service Document:  CITATION          Tracking Number  73699430
Type of Service Document:  CITATION          Tracking Number  73699433
Type of Service Document:  _____          Tracking Number _____
Type of Service Document:  _____          Tracking Number _____
Type of Service Document:  _____          Tracking Number _____
Type of Service Document:  _____          Tracking Number _____

**Process papers prepared by:**  **T.WIMBLEY**

**Date:  11/22/19**                    **30 DAYS WAITING: 12/22/19**

---

**\*Process papers released to:**  Wilson Dave
                                      (PRINT NAME)
 713-750-6500
**\*(CONTACT NUMBER)**        Lisa Thomas        **(SIGNATURE)**

**\*Process papers released by:** _____
                                      Lisa Thomas   (PRINT NAME)

_____
                    **(SIGNATURE)**

**\* Date:** 11/26/19 **,2019   Time:** 1·40 **AM / PM**

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

**Entire document  must be completed    (do not change this document)**  Revised 1/3/2019

12/3/2019 2:37 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38933652
By: bradley darnell
Filed: 12/3/2019 2:37 PM

COPY OF PLEADING PROVIDED BY PLTD

CAUSE NO.  201984244

RECEIPT NO.                    0.00      CIV
        **********          TR # 73699430

PLAINTIFF: CATHEY, JOHN                          In The   234th
             vs.                                 Judicial District Court
DEFENDANT: ASI LLOYDS                            of Harris County, Texas
                                                 234TH DISTRICT COURT
                                                 Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: ASI LLOYDS THROUGH ITS REGISTERED AGENT CORPORATE CREATIONS NETWORK
    INC
    5444  WESTHEIMER RD SUITE 1000   HOUSTON TX 77056
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 22nd day of November, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 22nd day of November, 2019, under my hand and
seal of said Court.

Issued at request of:                    MARILYN BURGESS, District Clerk
WILSON, CHAD TROY                        Harris County, Texas
455  EAST MEDICAL CENTER BLVD            201 Caroline, Houston, Texas 77002
SUITE 555                                (P.O. Box 4651, Houston, Texas 77210)
WEBSTER, TX  77598
Tel: (832) 415-1432                      Generated By: WIMBLEY, TAHJ MESHAE  IS1//11387415
Bar No.: 24079587

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 1:40 o'clock A.M., on the 26th day of November, 2019.

Executed at (address) 5444 Westheimer Road Suite 1000 Houston Tx 77056 in

Harris County at 1:15 o'clock A.M., on the 27th day of November,

2019, by delivering to ASI Lloyds c/o Reg Agent Corporate Creations Network defendant, in person, a

true copy of this Citation together with the accompanying 1 copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 27 day of November, 2019.

FEE: $ 75                              Pamela Hall

                                       of Fort Bend County, Texas

Pamela Hall Reg 1858 Exp 08/31/2020    By _____
     Affiant                                          Deputy

On this day, Pamela Hall                                , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 2 day of December 2019

                                       Heather Bosh
                                                Notary Public

HEAT..  ..OSK
Notary Public, State of Texas
Comm. Expires 03-14-2021
.otary I. 1293.7196          *73699430*
N.INT.CITR.P

## AFFIDAVIT OF AUTHORITY

I, Veronica C. Valega, Operations Director of Corporate Creations Network Inc. and United Agent Group Inc., do hereby authorize Regus, and all of its staff, including but not limited to Leslie Cruz, Johnny Rivera and Sandra Zboyan, to accept and mail all documents, including any and all court documents served or delivered by the court, private server, sheriff, courier, or otherwise on behalf of me and my companies. This authorization includes signing on behalf of myself, Corporate Creations Network Inc., or United Agent Group Inc. to accept all mail and documents, including court documents served or delivered by the court, private server, sheriff, courier, or otherwise to 5444 Westheimer #1000, Houston, TX 77056.

HEREBY SEEN AND AGREED:

_____         _____
Veronica C. Valega                                            DATE
Operations Director
Corporate Creations Network Inc.
United Agent Group Inc.

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 1st day of July, 2019 by the above named signatory, who is personally known to me or who produced a drivers license or passport as identification and who did take an oath.

_____
Signature of Notary Public

ANGELA MARTIN
Commission # GG 333501
Expires June 15, 2023
Bonded Thru Troy Fain Insurance 800-385-7019

_____
Stamp of Notary Public

12/4/2019 4:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38979469
By: bradley darnell
Filed: 12/4/2019 4:19 PM

**COPY OF PLEADING PROVIDED BY PLTD**

CAUSE NO.  201984244

RECEIPT NO.                    0.00      CIV
*********              TR # 73699433

| | |
|---|---|
| PLAINTIFF: CATHEY, JOHN | In The     234th |
| vs. | Judicial District Court |
| DEFENDANT: ASI LLOYDS | of Harris County, Texas |
| | 234TH DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: NEWSOM, LESLEY
    17806  ECHOBEND LN   SPRING  TX  77379 - 4065
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 22nd day of November, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 22nd day of November, 2019, under my hand and seal of said Court.

Issued at request of:
WILSON, CHAD TROY                        MARILYN BURGESS, District Clerk
455  EAST MEDICAL CENTER BLVD            Harris County, Texas
SUITE 555                                201 Caroline, Houston, Texas 77002
WEBSTER, TX  77598                       (P.O. Box 4651, Houston, Texas 77210)
Tel: (832) 415-1432
Bar No.: 24079587                        Generated By: WIMBLEY, TAHJ MESHAE  ISI//11387415

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 1:40 o'clock X .M., on the 26th day of November, 2019.

Executed at (address) 17806 Echobend Ln, Spring, TX 77379 in

Harris County at 1:48 o'clock P .M., on the 2 day of December,

2019, by delivering to Lesly Newsom defendant, in person, a

true copy of this Citation together with the accompanying 1 copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 2 day of December, 2019.

FEE: $_____

                                         of Montgomery County, Texas

_____                By _____
Affiant  PSC 17101 Ex 7/31/21                     Deputy

On this day, WILLIAM DAVIS _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 2nd day of December, 2019.

                                         _____
                                         Notary Public

N.INT.CITR.P                  *73699433*

PAMELA RENEE HALL
Notary Public, State of Texas
Comm. Expires 05-16-2021
Notary ID 126359841

**Harris County Docket Sheet**

# 2019-84244

**COURT:** 234th

**FILED DATE:** 11/22/2019

**CASE TYPE:** Debt/Contract - Consumer/DTPA



**CATHEY, JOHN**

Attorney: WILSON, CHAD TROY

**vs.**

**ASI LLOYDS**

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

Unofficial Copy Office of Marilyn Burgess District Clerk